IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| L. W. RUSS, *individually and on behalf of all others similarly situated*, § § § | |
| Plaintiffs, § § | |
| § | CIVIL ACTION NO. |
| v. § § | |
| CANAL BARGE COMPANY, INC., § § | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff L. W. Russ, individually and on behalf of all others similarly situated, files this Original Complaint against Defendant Canal Barge Company, Inc., and in support would show the Court the following:

### I. SUMMARY

1.  This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiff and Potential Plaintiffs worked for Defendant as shore tankermen, the primary duties of which involve the loading and unloading of cargo between barge and dock. Plaintiff routinely worked in excess of 40 hours per week, but was not paid overtime for all of the hours he worked in excess of 40. The same is true for the other shore tankermen at Defendant who worked for Defendant within the past three years and who also performed any of those duties at docks in Louisiana.

### II. PARTIES

2.  Plaintiff L. W. Russ is Landan W. Russ, an individual residing in St. Tammany Parish, Louisiana.

3. "Potential Plaintiffs" are Defendant's current and former employees within the past three years whose primary responsibilities are those of a shore tankerman, involving the loading and unloading of cargo between barges and docks. The position of "shore tankerman" is identified as such at Defendant, and is distinguishable from the position and duties of a "barge tankerman." The shore tankermen involved worked for Defendant at various docks primarily or exclusively in Louisiana.

4. Defendant Canal Barge Company, Inc. ("Canal Barge") is a foreign for-profit corporation formed and existing under Louisiana law, headquartered in New Orleans, Louisiana in this federal district. Canal Barge may be served with process by serving its registered agent, William Murphy, 835 Union Street, New Orleans, LA 70112.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law.

6. Venue is proper in the Eastern District of Louisiana because a substantial part of the events forming the basis of the suit occurred in this district. Defendant is headquartered in the Eastern District of Louisiana, and a substantial amount of work related to these claims was performed within this state and federal judicial district.

### IV. COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Potential Plaintiffs, pursuant to the Fair Labor Standards Act ("FLSA").

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

11. At all times hereinafter mentioned, Plaintiff and Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Plaintiff and Potential Plaintiffs, as shore tankermen, are not exempt from the overtime provisions of the Fair Labor Standards Act. See *Owens v. SeaRiver Mar., Inc.,* 272 F.3d 698 (5th Cir. 2001).

## V. FLSA FACT ALLEGATIONS

13. Relevant to the shore tankermen covered by this suit, Defendant has had business operations in Louisiana. Its annual gross volume of sales made or business done exceeds $500,000.00 per year for the relevant years of this dispute.

14. Plaintiff and Potential Plaintiffs in this suit worked as shore tankermen for Defendant within the last three years, performing some or all of that work in the state of Louisiana and/or residing in Louisiana.

15. At Defendant, a shore tankerman's primary responsibility consisted of manual labor related to the loading and unloading of cargo between barges and docks, at dock locations typically between Galveston County, Texas, and Plaquemines Parish, Louisiana.

16. A substantial portion of the work relevant to this was performed at docks in Louisiana, or at a worker's home in Louisiana.

17. Plaintiff and Potential Plaintiffs were compensated based on an hourly rate.

18. Plaintiff and Potential Plaintiffs often worked over 40 hours in a workweek, in the three years prior to the filing of this complaint. However, Plaintiff and Potential Plaintiffs were not compensated for all hours that they worked over 40, specifically:

   a. **Document Preparation Time:** Until March 2021, Plaintiff and Potential Plaintiffs were not compensated for required work performed at home, off the clock, engaging in the preparation and submission of invoices and job reports ("Document Preparation Time") after every shift, which took Plaintiff and Potential Plaintiffs on average between 15-60 minutes or more after each shift. This time is compensable as a matter of law. In one or more workweeks in the past three years, this compensable time involved unpaid hours over 40 for Plaintiff and Potential Plaintiffs.

   b. **Shift Transition Time:** Until a time in 2019 to be determined through discovery, Plaintiff and Potential Plaintiffs were not compensated for the time that they spent transitioning into and out of their shifts at a dock ("Shift Transition Time"). Plaintiffs typically spent between 30-60 minutes or more, per shift, in the time prior to a shift handoff and after a shift handoff, engaging in required tasks at the worksite, where such time is compensable time as a matter of law, but for which they were not paid. In one or more workweeks in the past three years, this compensable time involved unpaid hours over 40 for Plaintiff and Potential Plaintiffs.

19. Defendant knew that Plaintiff and Potential Plaintiffs sometimes worked in excess of 40 hours per week performing such work and in fact directed them to perform such work off the clock.

20. In fact, with respect to Document Preparation Time, Defendant specifically told its shore tankermen on multiple occasions that it was simply part of their job to get done, after shore tankermen employees had raised complaints about such uncompensated time.

21. Defendant did not keep track of the time that Plaintiff and Potential Plaintiffs spent at home for the above-described Document Preparation Time.

22. Until a time in 2019, Defendant did not keep track of the time that Plaintiff and Potential Plaintiffs spent on the above-described Shift Transition Time, for such Shift Transition Time that Defendant treated as non-compensable.

23. Plaintiff and Potential Plaintiffs are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek.

24. Defendant was aware of the FLSA's overtime requirements and chose not to pay Plaintiff's and Potential Plaintiffs' overtime for their Document Preparation Time and Shift Transition Time, as those terms are described above.

25. Defendant willfully failed to pay overtime for such compensable work time.

### VI. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff and Potential Plaintiffs incorporate paragraphs 1-28 as if stated fully herein.

27. Plaintiff and Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs in that Potential Plaintiffs were also identified as "shore tankermen" by Defendant and executed primary responsibilities consisting of the loading and unloading of cargo between barge and dock at docks in the state of Louisiana. All of

these shore tankermen were subjected to the same offending pay practices described in this complaint.

28. All shore tankermen working for Defendant on docks in Louisiana were supervised by personnel who officed at Defendant's office in Sulphur, Louisiana.

29. Furthermore, Plaintiff and Potential Plaintiffs were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for all hours worked in excess of 40 hours in a workweek, when Defendant refused to pay them for the above-described and named Document Preparation Time and Shift Transition Time. Accordingly, Potential Plaintiffs victimized by Defendant's unlawful pattern and practices are similarly situated to the named Plaintiff in terms of job duties and pay provisions.

30. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of each of the Potential Plaintiffs. Thus, Plaintiff's experiences are typical of the experience of Potential Plaintiffs. All Potential Plaintiffs, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The relevant questions of law and fact are common to Plaintiff and Potential Plaintiffs.

31. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime pay with respect to Plaintiff and Potential Plaintiffs.

## VII. CAUSE OF ACTION:  FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

32. During the relevant period of three years prior to the filing of this complaint, Defendant violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours, without compensating such employees for their all of their compensable work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Potential Plaintiffs in accordance with the law.

## VIII.  JURY DEMAND

33. Plaintiff hereby timely demands a jury.

## IX. PRAYER

WHEREFORE, cause having been shown, Plaintiff and Potential Plaintiffs pray for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to the ultimate Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to the ultimate Plaintiffs;

b. For an Order awarding the ultimate Plaintiffs the costs of this action;

c. For an Order awarding the ultimate Plaintiffs attorneys' fees;

d. For an Order awarding the ultimate Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other damages and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/Victor R. Farrugia
**Victor R. Farrugia**
Louisiana Bar No. 19324
Farrugia Law Firm, LLC
1340 Poydras St Ste 2100
New Orleans LA, 70112
Phone: (504) 525-0250
Fax: (504) 293-0651
Email: vfarrugia@farrugialawfirm.com

**COUNSEL FOR PLAINTIFFS**